# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv253
### [Criminal Case No. 4:98cr212]

| | | |
|---|---|---|
| DWIGHT A. RUDISILL, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATED OF AMERICA, | ) | |
| | ) | |
| Respondent.) | | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and Motion to Set Aside Plea of Guilty [Doc. 2].

## PROCEDURAL HISTORY

On July 8, 1998, the Petitioner was charged in a four count bill of indictment with car jacking, using a firearm during a crime of violence, transporting a stolen vehicle in interstate commerce and felony possession of a firearm, in violation of 18 U.S.C. §§2119, 924(c)(1), 2312 & 922(g).[1]

---

[1]Some of the statutory citations have changed in the intervening years. The statutes are cited in their current form.

1

[Criminal Case No. 4:98cr212]; Rudisill v. United States, 2009 WL 2366028 (W.D.N.C. 2009). He pled guilty pursuant to a plea agreement to car jacking and in exchange, the Government dismissed the remaining three counts. Id. The Petitioner was sentenced to three hundred months imprisonment and he filed a direct appeal despite the appeal waiver contained within the plea agreement. Id. In May 2000, the United States Fourth Circuit Court of Appeals vacated his sentence because the indictment did not contain a recitation that serious bodily injury had occurred during the car jacking offense to which the Petitioner pled guilty. United States v. Rudisill, 215 F.3d 1323 (4th Cir. 2000). The Circuit held that as a result, the Petitioner could not be sentenced to more than fifteen years pursuant to 18 U.S.C. §2119(1). Id.

On remand, the Government moved to set aside the plea agreement so that it could reinstate the three counts which had been dismissed and in order to obtain a superseding bill of indictment charging a violation of 18 U.S.C. §2119(2), car jacking resulting in serious bodily injury. Rudisill, 2009 WL 2366028. The sentencing court held that re-indicting the Petitioner for car jacking resulting in serious bodily injury would violate the double jeopardy clause but it did allow the Government to set aside the plea agreement as to

the other three charges.[2]  Id.

In August 2000, the Government obtained a superseding bill of indictment charging the Petitioner with using and carrying a firearm during a crime of violence, transporting a stolen vehicle in interstate commerce and felony possession of a firearm, in violation of 18 U.S.C. §§924(c)(1), 2312 & 922(g)(1).  Id.  After a jury trial, the Petitioner was found guilty of all three counts and he was sentenced on October 31, 2001 to a total term of four hundred sixty-five months imprisonment.  Id.

The Petitioner did not file a direct appeal from his conviction and sentence.  Id.  On July 13, 2009, eight years after his conviction and sentence became final, the Petitioner brought his first motion pursuant to 28 U.S.C. §2255 which was filed on July 15, 2009.  Id.  The district court dismissed it as untimely on July 29, 2009.  Id.  The Petitioner's motion for reconsideration was denied on August 14, 2009.  Rudisill v. United States, 2009 WL 2517013 (W.D.N.C. 2009).  The Petitioner's appeal from those rulings was dismissed by the Fourth Circuit on September 8, 2009. [Criminal Case No. 4:98cr212, at Doc. 65].

---

[2]The sentencing judge has since retired.

**DISCUSSION**

When an initial motion pursuant to §2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed. 28 U.S.C. §2255(h). When a motion pursuant to §2255 has been dismissed as untimely, that dismissal constitutes an adjudication on the merits. <u>Villanueva v. United States</u>, 346 F.3d 55, 61 (2d Cir. 2003), *certiorari denied* 542 U.S. 928, 124 S.Ct. 2895, 159 L.Ed.2d 791 (2004); *accord*, <u>In re Flowers</u>, 595 F.3d 204, 205 (5th Cir. 2009); <u>Stapleton v. United States</u>, 392 F.Supp.2d 754 (W.D. Va. 2005); <u>Brown v. United States</u>, 2010 WL 3743820 (E.D.N.C. 2010). The Petitioner has not sought and obtained permission from the Fourth Circuit Court of Appeals prior to filing this motion. This Court therefore may not consider the merits of Petitioner's claims.

The Petitioner has also filed a motion to set aside his plea of guilty to car jacking pursuant to Federal Rule of Criminal Procedure 11(e). [Doc. 2]. That rule provides that once a court imposes sentence, a defendant may not withdraw his plea of guilty and it may be set aside only by direct appeal or on collateral attack. Fed.R.Crim.P, 11(e). Here, the Petitioner has exhausted his direct appeal as well as his collateral attack. Without certification from the

Fourth Circuit Court of Appeals, he may not bring another collateral attack. The pending motion therefore may not be brought. United States v. Juarez-Lozano, 2010 WL 2812836 (10th Cir. 2010); United States v. Miles, 181 Fed.Appx. 352 (4th Cir. 2006); United States v. Hughes, 2010 WL 725415 (W.D.Va. 2010).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion to Set Aside Plea of Guilty [Doc. 2] is hereby **DENIED**.

Signed: November 2, 2010

Martin Reidinger
United States District Judge